

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:                    Attention Mr. T. M. Trimble

                             Opinion No. O-2203
                             Re: Construction of Article
                                 2743, R.C.S., 1925.

        We are in receipt of your letter of April 8,
1940, requesting the opinion of this Department, which
reads as follows:

        "Article 2743, Section 1, dealing with the
    establishment of county line districts reads in
    part as follows:

        "'. . . No common county line school dis-
    trict shall be created with or changed to a
    less area than nine square miles, and shall be
    laid out in as near the shape of a square as
    possible, and in no event shall the length of
    such district be greater than the width plus
    one-half of the width of such district.'

        "The Fowlerton Common Consoldiated County Line
    District is sixteen miles wide and twenty-one miles
    long. Contiguous to Fowlerton is a body of land
    that is in no school district.

        "Can the county board of trustees add this
    territory to the Fowlerton County Line School
    District, if by adding this land the shape of
    the district does not conform to the provisions
    of the above mentioned statute?"

        The rules with reference to mandatory or direc-
tory provisions of a statute are stated in 39 Tex. Jur.
p. 32 § 14 as follows:

Hon. L. A. Woods, page 2

"A statute or statutory provision may be mandatory or directory, or merely permissive. A mandatory provision is one which, if not followed, renders the proceeding to which it relates illegal and void, while a directory provision is one, the observance of which is not necessary to the validity of the proceeding. A provision is directory when it contains mere matter of direction, not of the essence of the thing to be done, but designed merely to procure its proper, orderly and prompt performance. On the other hand, a negative provision -- one which commands that a certain thing shall not be done -- is usually mandatory.

"But there is no absolute test or infallible rule by which a mandatory statute or provision may be distinguished from one which is merely directory. In each case, the question is one of statutory construction, to be judicially determined according to the intent of the Legislature from a consideration of the entire statute, its nature, object and subject-matter, and the consequences that will result from a particular construction. An act or provision that clearly discloses an interest on the part of the Legislature that it should be mandatory will be given effect. On the other hand, one which reveals no such interest or purpose will be construed as directory."

Applying the above rules to the statute in question; the provision requiring that the district shall be laid out "in as near the shape of a square as possible", appears to be directory. We construe the word "possible" as used therein to have the same meaning as "practicable". Evidently it was intended that the County Board should exercise a discretion in defining the boundaries of such districts and it directs the board to lay out the district in as near the shape of a square as may be practicable or possible under all the circumstances. In changing or adding territory to such districts it is not essential that they maintain the shape of a square.

The provision which reads: "and in no event shall the length of such district be greater than the width plus one-half of the width of such district," however, is in our opinion mandatory. The Legislature first provided that the

Hon. L. A. Woods, page 3

district should be in as near the shape of a square as possible, leaving this matter to be determined by the Board, and then specified certain limitations beyond which they should not go in any event. We construe this last provision as mandatory and a limitation upon the authority of the Board. It is a negative provision marking the limits within which the authority to follow the directions thereinabove given may be exercised.

Since we do not know the shape proposed to be given the district, we cannot give your question a categorical answer but are of the opinion that the district should conform to the limitations hereinabove discussed, assuming that the statute in question is applicable to the Fowlerton Common Consolidated County-Line School District and the change proposed to be made.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      *Cecil Cammack*
                 Cecil C. Cammack
                 Assistant

CCC:JM

APPROVED APR 20, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE

